## SUCCESSION OF THOMAS E. BOWLES—ALEXANDER L. FIELD, Curator, Appellant.

The probate of a will is a judicial proceeding, and must be authenticated according to the act of Congress of 26th May, 1790.

The certificate of the clerk of a court in another State, that the transcript " is a true copy from the original filed in my office, as proven in open court, at the October term, 1841, and ordered by the court to be recorded," is not such evidence of the testament having been duly proved, before a competent judge of the place where it was received, as will authorize its admission to probate and execution in this State. It does not show how the will was proved, nor what was the order of the court. Duly certified copies of the orders or decree in relation to the proof and recording of the will, should have accompanied the transcript of the latter.

It is not enough that a clerk certify the result of the action of a court; he must make copies of what appears on the records, of which he is the keeper.

APPEAL from the Probate Court of St. Mary, *Palfrey*, J.

GARLAND, J. Mathison presented his petition to the inferior court, representing that Thomas E. Bowles, late of the parish of St. Mary, had died in the State of Tennessee; that previous to his departure from this State he had made a testament, by public act, which had been admitted to probate and ordered to be executed, as will appear by the proceedings had on the petition of Eleanor Bowles, the wife of the petitioner, (*ante*, p. 31). It is further represented, that some time afterwards, Bowles left this State, and while residing in Tennessee made another will, which was duly proved and ordered to be recorded by a competent tribunal of the place where it was made, in which will the petitioner was named sole executor. He presents a copy of the will, and prays that it may be admitted to probate, its registry and execution ordered, and that he be confirmed as sole testamentary executor. Seven days after the filing of this petition, the court ordered the last will to be registered and executed, and that Mathison be con-

firmed as executor, on his giving bond and security according to law. From this judgment or order, Field, the curator of Dorothea Bowles, has appealed.

The appellant assigns various errors as apparent on the face of the record ; but it is only necessary to notice one objection, which is that the order or judgment of the court in Tennessee, and the proceedings attending or preparatory to the probate of the will, have not been copied and duly certified. The certificate of the clerk, at the bottom of a copy of the will, states that " the above is a true copy from the original filed in my office, as proven in open court, at the October term, 1841, and ordered by the court to be recorded." We have heretofore said, that the probate of a will is a judicial proceeding, and must be authenticated according to the act of Congress. *Balfour* v. *Chew*, 5 Mart. N. S. 519. *Johnson* v. *Runnels*, 6 Mart. N. S. 622. The court in Tennessee no doubt made some order or decree in relation to the proof and recording of the will, and some proceedings were, of course, had, preparatory to the same. Duly certified copies of these should have been sent with the copy of the instrument. It is not sufficient that a clerk certify the result of the action of a court ; he must send copies of what appears in the records, of which he is the keeper.

That has been omitted in this case, and we think the court below erred in receiving the copy, and ordering it to be registered and executed. Article 1682 of the Code says, that the order of execution shall be granted without any other form, if it be established that the testament has been duly proved, before a competent judge of the place where it was received ; otherwise, the testament cannot be carried into effect, without being first proved before the judge of whom the execution is demanded. It does not appear in what manner the will was proved in Tennessee, nor what was the order of the court of Montgomery county. We, therefore, cannot say whether it was duly proved before a competent tribunal, or not.

The judgment of the court of Probates is therefore annulled and reversed, the order to register and execute the will of Thomas E. Bowles deceased, is set aside, and the case remanded for further proceedings according to law, with directions to notify the appellant of the time and place of any further proceedings to be had in

relation to the registry and execution of the testament; the appellee paying the costs of the appeal.

*Dwight,* for the appellant.

*Maskell* and *Lewis,* contra.